THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* MATOS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Aggravated Assault and Battery.

No. 848.—Decided July 6, 1915.

AGGRAVATED ASSAULT AND BATTERY—OFFENSE AGAINST EXECUTIVE POWER—IN-SPECTOR OF SANITATION—COMPLAINT.—In this case the accused was charged with having violently assaulted the prosecuting witness by wilfully, unlawfully and with the criminal intention of inflicting bodily injury upon him, catching him by the shoulders and throwing him roughly against the wall of the slaughter-house, knowing that he was an officer of the law and was at

the moment complying with his official duty in seizing a certain lot of meat which the accused had in said slaughter-house in a state of decomposition. *Held:* That the complaint charges the offense of aggravated assault and battery, as provided for by the Act of March, 1904, and not the act defined in section 84 of the Penal Code.

The facts are stated in the opinion.

*Messrs. Tizol & Campillo* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the respondent.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

On a trial *de novo* in the District Court of San Juan, Section 2, defendant was convicted of an aggravated assault and battery under a complaint filed originally in the Municipal Court of Bayamón, reading, in so far as pertinent, as follows:

"I, Diego Guerrero, local chief of sanitation, resident of Toa Baja, Comercio Street, 41 years of age, make this complaint against the aforesaid defendant for the crime of aggravated assault and battery, committed as follows: On October 10, 1914, at 3 p. m., in the public slaughter-house of Toa Baja of the Municipal Judicial District of Bayamón, which forms a part of the Judicial District of San Juan, P. R., the aforesaid defendant wilfully, unlawfully and with the criminal intention of inflicting bodily injury upon me, violently assaulted and beat me, catching me by the shoulders and throwing me roughly against the wall of said slaughter-house. I call attention to the fact that defendant knew perfectly well that I was an officer of the law and was, at the moment, complying with my official duty in seizing a certain lot of meat which the accused had in said slaughter-house in a state of decomposition."

The district court overruled a demurrer setting up

"that the Municipal Court of Bayamón committed error in considering the act charged as a crime under the Act of March, 1904, defining and punishing assault and battery, assault with aggravating circumstances, assault and battery with aggravating circumstances, and repealing section 237 of the Penal Code.

"The charge against Jacinto Matos was that voluntarily and illegally and with the criminal intention of causing bodily injury to another, he violently assaulted and battered him by seizing him by the shoulders and throwing him violently against the wall, knowing perfectly well that he was an officer of the law and was, at that

moment, complying with a duty incident to his office. The law applicable to this case is section 84 of the Penal Code which reads as follows:

"'Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty, is punishable by fine not exceeding five thousand dollars, and imprisonment in the penitentiary not exceeding five years.'"

The case of *The People* v. *Ramos,* 13 P. R. R., 325, the only authority cited by appellant, does not sustain the proposition so stated, but rather the contrary. Not only does the complaint clearly charge the offense of which defendant was convicted and no other, but the evidence leaves even less room for doubt as to whether the offense actually committed was correctly classified as aggravated assault and battery. There is no error apparent upon the face of the record and the appeal is too frivolous for serious discussion.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.